# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12cr235

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| PHILLIP D. MURPHY, | ) | |
| | ) | |
|       **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the court on defendant's Motion for Clarification (#79) regarding his Motion to Dismiss (#56) the "Klein Conspiracy" prong of Count One of the Indictment. The Indictment alleges that defendant conspired with others to defraud the United States and the IRS by impeding the lawful collection of revenue due. Having considered the motion and reviewed the pleadings, the court will deny defendant's motion.

Defendant contends that the conspiracy was complete once the bidding process for the investment agreements was complete and the municipal issuers "had made their 'economic decision' to 'award' the investment contracts." Def. Mem. 16. Under this reasoning, the applicable six year statute of limitations began to run in 2002, as opposed to 2006 which is when the Indictment alleges the Klein Conspiracy culminated. See Grunewald v. United States, 353 U.S. 391, 396-97 (1957) (statute of limitations runs from date of last overt act in furtherance of conspiracy).

In support of his position, defendant cites United States v. Hare, 618 F.2d 1085 (4th Cir. 1980), in which the Fourth Circuit Court of Appeals held that the applicable five year statute of limitations had expired on the alleged crime. The defendant had been indicted in 2009 for violating 18 U.S.C. § 201(g) which prohibits public officials from receiving "anything of value."

Id. at 1086. According to the Indictment, defendant had received the loan in 1970 although he continued to make payments on the loan until 1975. Id. at 1086. The Court of Appeals rejected the government's contention that the statutory period continued to run until that time, and held that the "statutory period began running when the loan was received by the defendant in 1970," as that was when defendant actually received the thing of value. Id. at 1086-87. The payments of the loan thereafter at a reduced rate were mere results of the beneficial loan. Id. at 1086.

Relying on this logic, defendant contends that the continued "deliver[y] of securities . . . at interest rates or amounts that were artificially determined and suppressed" were mere results of the completed conspiracy and as such do not extend the statutory period. Def.'s Mem. 17. In contrast to the Klein Conspiracy alleged here however, the statute in Hare was a specific and limited prohibition on public officials receiving anything of value because of performance of an official act. Here, the indictment alleges a much broader conspiracy with numerous goals, including "defeating" the IRS in its collection of revenue. Specifically, the indictment alleges that defendant and his co-conspirators defrauded the United States and the IRS as follows:

> impeding, impairing, obstructing, and defeating the lawful government functions of the IRS in the ascertainment, computation, assessment, and collection of revenue due and owing from municipal issuers and in exercising its responsibilities to monitor compliance with Treasury regulations related to tax-exempt municipal bonds.

Ind. ¶ 21.

With such broad allegations of fraud, the court does not agree that Hare commands the pre-trial dismissal of the Klein Conspiracy prong of Count I. The language in the indictment alleges that defendant and others not only initially evaded the IRS but actively thwarted the agency from exercising its responsibilities by "impeding, impairing, obstructing, and defeating" its activities. At this point, the court is satisfied

that the Indictment successfully alleges acts in furtherance of the conspiracy within eight years and eleven days of the date of Indictment. Accordingly, the court enters the following order.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Clarification (#79) is **DENIED**.

Signed: October 30, 2013

Max O. Cogburn Jr.
United States District Judge