# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
#### Case No. 3:12-CR-00235-MOC-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| - v - | ) |
| | ) |
| PHILLIP D. MURPHY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## DEFENDANT'S PRETRIAL MEMORANDUM

Defendant Phillip D. Murphy, by and through his counsel, respectfully submits this pretrial memorandum to highlight several evidentiary issues for the Court in advance of trial, and to address the question of the probable length of the trial.

## A.  SUMMARY OF CHARGES AGAINST MURPHY

Mr. Murphy is charged with (1) a conspiracy to commit wire fraud and to defraud the IRS in violation of 18 U.S.C. §§ 1343 and 371, (2) wire fraud in violation of § 1343, and (3) conspiracy to make false entries in bank records in violation of 18 U.S.C. § 371.

Counts One and Two allege that a bid rigging scheme existed from approximately August 1998 until November 2006.  The indictment alleges that from 1998 until 2002 Mr. Murphy was the Managing Director of the Municipal Derivatives Products group and a marketer of municipal finance contracts at Bank of America ("BOA").  One of the people who worked below Murphy was Douglas Campbell.

According to the Indictment, Treasury regulations required that certain products that were sold by the Municipal Derivatives Products Group must be awarded by a competitive bidding

1

process.  The Indictment alleges that Mr. Murphy, Mr. Campbell, a bidding agent or brokerage firm called Chambers Dunhill & Rubin ("CDR"), and others, entered into a scheme to manipulate the bidding process by colluding with each other and to defraud the IRS.  The government alleges that Mr. Murphy and his co-conspirators did this by recommending CDR as a broker, obtaining information from CDR about competitors' bids, writing bid specifications that favored BOA, selecting other bidders who would submit intentionally losing bids, paying CDR kickbacks, misrepresenting to bond counsel that the bids complied with Treasury regulations and were competitive, and doing other acts that harmed the municipalities.

Count Three alleges that Murphy conspired with Brian Zwerner, the Manager of the Derivatives Trading Desk at BOA, and others, to falsify marketing profits on trade tickets for certain investment agreements or other municipal finance contracts.

**B.  THE GOVERNMENT'S EVIDENCE**

The government has provided the defense with particulars regarding the evidence it intends to introduce at trial, including on the allegedly rigged bids, the alleged kickbacks, and the allegedly false statements.  The government has specified that it will introduce evidence concerning 29 "featured deals" that relate to alleged bid rigging, 58 alleged kickback payments, and at least 52 alleged false entries in BOA's books.

To prove these bid rigs, kickbacks, and false entries in books, the government intends to call at least 19 witnesses at trial.  Six of those witnesses will be people who worked at BOA with Mr. Murphy: Mr. Campbell, Mr. Zwerner, James Engel, Paul "Jay" Saunders, Gerhard Seebacher, and Hugh "Beau" Cummins.

Two of the witnesses will be people who worked at CDR and who claim to have rigged bids with Mr. Murphy: Douglas Goldberg and Dani Naeh.

2

Seven of the witnesses will be representatives of issuers whose bids were allegedly rigged.

Four of the witnesses will be representatives of banks who will testify about settlements by the banks.

Thus, not including any custodians of record or summary or document witnesses, the government intends to call at least 19 witnesses.

With respect to exhibits, the government has identified approximately 1130 exhibits the government intends to introduce at trial. This exhibit list includes 92 recorded conversations.

## C.  STIPULATIONS

Given the breadth of the allegations and the vast amount of government exhibits, cross-examination of the witnesses is likely to be lengthy. In order to avoid unnecessary delay, defense counsel and the government are in the process of negotiating a number of stipulations regarding the admission of evidence that would avoid the need for either the government or the defense to call custodians of records for the vast majority of the evidence that either side intends to introduce in evidence.

These stipulations seek to avoid the need for the government and/or defense to call dozens of witnesses to testify as to the authenticity of documents and to prevent the defense from having to recall witnesses in order to introduce evidence used in cross-examination. Accordingly, the parties are working to agree to certain stipulations with regard to the authenticity and usage of much of the documentary and audio evidence that is likely to be used on direct or cross-examination of the government's witnesses. The parties will put these stipulations into final form and submit them to the Court for the Court's approval prior to trial.

3

## D. LENGTH OF THE TRIAL

Even with agreed-upon stipulations regarding admissibility of evidence, the defendant anticipates that that the trial will be long. Because of the nature of the allegations, the defense anticipates that the only effective way to cross-examine witnesses about many of the deals about which they will testify will be to direct the witness's attention to specific documents or play audio recordings. Necessarily, this will be time consuming and result in lengthy cross-examinations. The defense accordingly believes that the trial will very likely last at least four to six weeks, and could take as long as six to eight weeks. Accordingly, Mr. Murphy respectfully asks that the Court inform potential jurors that the trial could be as long as six to eight weeks.

Respectfully submitted,

This the 13th day of January, 2014.

Edward T. Hinson, Jr., NC State Bar No. 7795
Kristen E. Finlon, NC State Bar No. 39252
JAMES, McELROY & DIEHL, P.A.
600 South College Street, Suite 3000
Charlotte, NC 28202
Tel: (704) 372-9870

/s/ Kathleen E. Cassidy

Susan R. Necheles
Frederick P. Hafetz
Kathleen E. Cassidy
HAFETZ NECHELES & ROCCO, LLP
500 Fifth Avenue, Floor 29
New York, New York 10110
Tel: (212) 997-7595

*Attorneys for Defendant*

4

## CERTIFICATE OF SERVICE

The undersigned certifies that the **DEFENDANT'S PRETRIAL MEMORANDUM** has this date been electronically filed with the Clerk of Court using the CM/ECF system, which will transmit notification of such filing, constituting service thereof, to the following:

> Richard A. Powers (richard.powers@usdoj.gov)
> Eric Hoffmann (eric.hoffmann@usdoj.gov)
> Steven Tugander (steven.tugander@usdoj.gov)
> Attorneys, Antitrust Division
> U.S. Department of Justice
> 26 Federal Plaza, Room 3630
> New York, New York 10278
> (212) 335-8000

This the 13th day of January, 2014.

> /s/ Kathleen E. Cassidy
> Kathleen E. Cassidy

Case 3:12-cr-00235-MOC-DCK   Document 123   Filed 01/13/14   Page 5 of 5