UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) |
| -v- | ) ) DOCKET NO. 3:12-CR-00235-MOC ) |
| PHILLIP D. MURPHY, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S MOTION TO MENTION INTRINSIC EVIDENCE IN ITS OPENING STATEMENT**

The Government submits this memorandum of law in support of its motion to allow discussion of previously identified non-Rule 404(b) evidence in its opening statement.[1]

**BACKGROUND**

On October 23, 2013, the Government submitted a letter to Defendant identifying the general nature of three categories of evidence that the Government may introduce at trial during its case-in-chief. In its letter, the Government stated that although it did not consider any of the categories to be Rule 404(b) evidence, it nonetheless wanted to give Defendant notice in the event that Defendant disagreed with the characterization. During a hearing conducted on January 15, 2014 to discuss the *motions in limine*, the Court clarified that it would not allow either party to mention 404(b) evidence in opening statements. On Thursday, January 16, the Government spoke with counsel for the Defendant and advised that it intended to mention two categories of previously identified non-404(b) evidence in its opening statement: Defendant's relationship with CDR while he was employed at First Union Bank and his efforts to impede

---

[1] The Government respectfully submits that if the Court rules that this evidence is not instrinsic to the crime, then it will argue in the alternative for its admissibility at trial pursuant to FRE 404(b).

Bank of America's Spring/Summer 2002 internal investigation into misconduct in the municipal reinvestment group. Counsel subsequently informed the Government that Defendant does not object to the first category, but with respect to the second category, he objects to any mention by the Government in its opening statement of his efforts to impede BOA's investigation into the business practices of his desk and the larger group.

## ARGUMENT

Evidence of uncharged conduct is not "other crimes" evidence subject to the limitations of Rule 404(b) if the uncharged conduct "arose out of the same series of transactions as the charged offense, or if [evidence of the uncharged conduct] is necessary to complete the story of the crime on trial." *United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir.1994); *see also United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996) ("Other criminal acts are intrinsic when they are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." (internal quotations marks omitted)).

At trial, the Government intends to offer evidence that in late Spring 2002, during the alleged conspiratorial period, Defendant attempted to narrowly disclose certain types of information to counsel for BOA in order to allow the conspiracy to continue. As part of this disclosure, Defendant and his subordinate Douglas Campbell reported certain payments made to third parties on transactions on which the third parties performed little to no work. The disclosures of these payments led BOA to investigate Defendant's municipal reinvestment desk. As part of this investigation, BOA interviewed certain members of the Defendant's group and others from the trading group in Chicago that supported Mr. Murphy. The Government expects that witnesses will testify that Defendant spoke with others about what should and should not be

2

said to the investigators. Specifically, those interviewed were not supposed to disclose the very conduct at the heart of this trial.

Evidence that Defendant raised certain issues to counsel for BOA and then attempted to control the subsequent investigation in a way that allowed the conspiracy to continue is "necessary to complete the story of the crime," and is thus intrinsic to the crime. *United States v. Kennedy*, 32 F.3d at 886. The facts here are distinguishable from consciousness of guilt evidence admissible under FRE 404(b) in that typically steps taken to impede an investigation occur after completion of the crime—subsequent bad acts that bear on intent or knowledge of wrongdoing. Here, the Government intends to show that Defendant attempted to impede the investigation not only to cover up the conduct, but also to allow him and certain members of his team to keep their jobs and continue on with the conspiracy. Testimony about Defendant's attempts to impede BOA's investigation so that the conspiracy could continue is intrinsic evidence that is necessary to complete the story of the crime.

## Conclusion

For the foregoing reasons, the Government respectfully requests that the Court allow references to the defendant's efforts to impede the BOA internal investigation during the Government's opening statement.

Respectfully submitted,

/s/ Richard Powers

| | |
|---|---|
| JEFFREY MARTINO | STEVEN TUGANDER, NY #2328078 |
| Chief, New York Office | RICHARD POWERS, ASB-0799I67P |
| Antitrust Division | ERIC HOFFMANN, IL #6243122 |
| U.S. Department of Justice | |
| | Attorneys, Antitrust Division |
| Dated: January 28, 2014 | U.S. Department of Justice |
| | 26 Federal Plaza, Room 3630 |
| | New York, New York 10278 |
| | (212) 335-8000 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this, the 28th day of January 2014, the foregoing was duly served upon defense counsel by electronic means via the Court's ECF system.:

    /s/ Richard Powers
Steven Tugander
Trial Attorney
Department of Justice, Antitrust Division